IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EVAN HOLLAND,<br><br>      Plaintiff,<br><br>  vs.<br><br>NEBRASKA DEPARTMENT OF CORRECTIONAL SERVICES, SCOTT FRAKES, MICHELLE WILHELM, DOUG HEMINGER, and HAYDEN THOMAS, ADA Coordinator;<br><br>      Defendants. | 4:22CV3153<br><br>**MEMORANDUM AND ORDER** |

Plaintiff filed a Complaint on August 2, 2022. Filing No. 1. Plaintiff has been given leave to proceed in forma pauperis. Filing No. 5. The Court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Plaintiff filed a form Complaint for Employment Discrimination seeking damages against the Nebraska Department of Correctional Services ("NDCS"), Director of Corrections Scott Frakes ("Frakes"),[1] Warden Michelle Wilhelm ("Wilhelm"), Deputy Warden Doug Heminger ("Heminger"), and ADA Coordinator Hayden Thomas ("Thomas") as Defendants (collectively "Defendants"). Liberally construed, Plaintiff alleges claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-2000e-17, the Americans with

---

[1] Scott Frakes resigned as Director of the NDCS in October 2022. *See* https://www.1011now.com/2022/09/01/ndcs-director-scott-frakes-resigning/ (last visited April 19, 2023). According to the NDCS website, Rob Jeffreys was appointed Director of the NDCS in April 2023. https://www.corrections.nebraska.gov/about/agency-leadership (last visited April 19, 2023).

Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 to 12117, and the Nebraska Fair Employment Practice Act ("NFEPA"), Neb. Rev. Stat. §§ 48-1101-1126, against Defendants. Filing No. 1 at 4–5.

Plaintiff was employed by Defendants at the Nebraska State Penitentiary and alleges:

> I was terminated from my [job] after being harassed and retaliated against. The unit administrator forced me to sign a medical record release under duress. I was intentionally put in positions that would further agitate or injur [sic] my back. My schedule was changed so that I could be used to relieve other staff. The investigation that was conducted and tainted [sic]. The evidence obtained was intentionally given to one of my harassers, warden Wilhelm prior to the investigation being finished. Theses [sic] are notes that even I was never able to be shown. The departments ada [sic] chair decided for me and my doctor what would and wouldn't work for my back injury.

*Id.* at 6.

Plaintiff attached to his Complaint his charge of discrimination filed with the Nebraska Equal Opportunity Commission ("NEOC") and Equal Employment Opportunity Commission ("EEOC") on April 1, 2021.[2] *Id.* at 10–11. In his charge, Plaintiff claimed discrimination based on retaliation and disability in violation of the ADA and NFEPA. Plaintiff alleged that he has a disability of which Defendants were aware, that Defendants had a record of his disability, and that Plaintiff had requested and utilized accommodations since his hiring in August 2018 as a Caseworker. Plaintiff filed a previous charge of discrimination against Defendants on December 7, 2020. On February 2, 2021, Defendants notified Plaintiff that they would no longer accommodate

---

[2] The Court may consider allegations contained in exhibits attached to the complaint. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Blazek v. U.S. Cellular Corp.*, 937 F. Supp. 2d 1003, 1014–17 (N.D. Iowa 2011) (court can consider factual allegations in administrative charge that was attached to federal court complaint in deciding motion to dismiss for failure to state claim).

his disability and gave him 30 days to find a position within the NDCS that would meet his needs or his employment would be terminated. Plaintiff was unable to do so and his employment was terminated on March 8, 2021. Plaintiff alleges other employees were provided longer-term accommodations and that Defendants "could have continued accommodating [Plaintiff's] disability without terminating [his] employment." *Id.* at 10.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). Plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal

quotation marks and citations omitted). This means that "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry,* 364 F.3d 912, 915 (8th Cir. 2004). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

### III. ANALYSIS

Plaintiff sues the NDCS, a state agency, and several NDCS officials for discrimination and retaliation based on Plaintiff's race and disability under both federal and Nebraska law. Plaintiff's Complaint was filed within 90 days of his receipt of his right-to-sue notice, *see* Filing No. 1 at 6, and, thus, is timely. *See* 42 U.S.C. § 2000e-5(f)(1) (the charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge). The Complaint, however, must be dismissed for failure to state a claim upon which relief may be granted and for lack of subject matter jurisdiction.

**A. Title VII Claim**

Plaintiff's Complaint alleges a race discrimination claim under Title VII, which makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Because Plaintiff's NEOC/EEOC charge of discrimination did not mention race discrimination, he has failed to administratively exhaust this claim, and this Court cannot consider it. *Brooks v.*

4

*Midwest Heart Grp.*, 655 F.3d 796, 801 (8th Cir. 2011) (when plaintiff's EEOC charge only included race- and sex-discrimination claims, her age-discrimination and retaliation claims were unexhausted and were properly dismissed); *see also Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 851 (8th Cir. 2012) (in order to properly exhaust employment-discrimination claims brought in federal court, plaintiff must file EEOC charge with respect to each alleged unlawful employment practice). Accordingly, this claim will be dismissed without leave to amend.

**B. ADA Claim**

Plaintiff exhausted his ADA discrimination and retaliation claims by raising them in his NEOC/EEOC charge of discrimination, *see* Filing No. 1 at 10, but such claims are barred by sovereign immunity. The Eleventh Amendment bars suits against states in federal court unless the state has clearly and unequivocally waived its immunity, *Sossamon v. Texas*, 563 U.S. 277, 284 (2011), or unless Congress has validly abrogated the states' immunity, *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S. 356, 363 (2001). "This immunity extends to state agencies such as the NDCS." *Dutcher v. Dep't of Corr.*, No. 4:18CV3144, 2019 WL 4143895, at *2 (D. Neb. Aug. 15, 2019), *report and recommendation adopted*, No. 4:18-CV-3144, 2019 WL 4140841 (D. Neb. Aug. 30, 2019). Likewise, sovereign immunity applies to Plaintiff's claims against Frakes, Wilhelm, Heminger, and Thomas in their official capacities.[3] *Hummel v. Minnesota Dep't of Agric.*,

---

[3] Because Plaintiff did not specify that each NDCS official is sued in his or her individual capacity, the court "assume[s] that the defendant is sued only in his or her official capacity." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "Further, public officials cannot be sued in their individual capacities under the ADA." *Nahkahyen-Clearsand v. Dep't of Health & Hum. Servs.*, No. 8:17CV43, 2017 WL 1283494, at *3 n.5 (D. Neb. Apr. 5, 2017).

430 F. Supp. 3d 581, 587 (D. Minn. 2020) ("The Eleventh Amendment also bars claims seeking damages from State officials sued in their official capacities.").

Plaintiff brings his claims under Title I of the ADA, *see* Filing No. 1 at 4, which prohibits employers from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

> Although Congress unequivocally intended to abrogate the states' immunity for claims under Title I of the ADA, the Supreme Court in *Garrett* held that Congress's abrogation attempt was not made pursuant to a valid grant of constitutional authority. *Garrett*, 531 U.S. at 374. Accordingly, states and state agencies are immune from suits by private individuals for money damages under Title I of the ADA unless the state has clearly and unequivocally waived its immunity.

*Dutcher*, 2019 WL 4143895, at *2; *see also Lors v. Dean*, 746 F.3d 857, 862 (8th Cir. 2014) (recognizing *Garrett*'s holding that "the Eleventh Amendment bars Title I ADA claims for money damages brought by state employees in federal court"); *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 800 (8th Cir. 2002) ("[A] state is immune from suit under Title I of the ADA unless it waives its sovereign immunity.").

There is nothing in the record before the Court to suggest the NDCS or its officials waived their sovereign immunity. Thus, Plaintiff's claims seeking damages against Defendants under Title I of the ADA are barred by the Eleventh Amendment and must be dismissed.

**C. NFEPA Claim**

Plaintiff also asserts discrimination and retaliation claims under the NFEPA. However, as this Court previously has explained, the state of Nebraska's Eleventh

6

Amendment immunity bars such claims against state government employers in federal court.

> "The state and governmental agencies created by the state may be sued upon claims arising under the Nebraska Fair Employment Practice Act in the same manner as provided by such law for suits against other employers." Neb. Rev. Stat. § 48-1126. "A complainant who has suffered physical, emotional, or financial harm as a result of a violation of [the NFEPA] may . . . file an action directly in the district court of the county where such alleged violation occurred." Neb. Rev. Stat. § 48-1119(4). But this remedial scheme is not sufficiently explicit to effect a waiver of the state's sovereign immunity to suit in federal court. *Knapp v. Ruser*, 145 F. Supp. 3d 846, 855 (D. Neb. 2015) (no subject-matter jurisdiction over NFEPA claim brought by state university instructor); *Hasty* [*v. Nebraska Dep't of Educ.*, No. 4:09CV3196], 2010 WL 1552855, at *4-5 [(D. Neb. Apr. 15, 2010)] (NFEPA claim against Nebraska Department of Education dismissed for lack of jurisdiction); *Schreiber v. Nebraska*, 8:05CV537, 2006 WL 488719 (D. Neb. Feb. 28, 2006) (employee of Nebraska State Patrol could not bring NFEPA claim in federal court); *Wright v. Nebraska Health and Human Services System*, 8:04CV265, 2005 WL 1331158 (D. Neb. Feb. 14, 2005) (Eleventh Amendment immunity barred NFEPA claim of HHS employee).

*Lammers v. Nebraska*, No. 7:21CV5012, 2022 WL 228246, at *3 (D. Neb. Jan. 26, 2022) (citations corrected), *reconsideration denied*, No. 7:21CV5012, 2022 WL 447191 (D. Neb. Feb. 14, 2022).

Thus, Plaintiff's NFEPA claims are barred from presentation in federal court by Defendants' Eleventh Amendment immunity and must be pursued in state court.[4] Even if Eleventh Amendment immunity did not apply, the Court would decline to exercise

---

[4] The NFEPA provides that "[t]he deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the [NEOC] will take on the complaint or charge." Neb. Rev. Stat. § 48-1120.01. This limitations period should not prevent Plaintiff from pursuing his claims in state court because the tolling provision in 28 U.S.C. § 1367 provides: "The period of limitations for any claim asserted under subsection (a) . . . shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." Thus, since Plaintiff timely filed his Complaint in this Court, he has at least 30 days after this matter is dismissed to pursue state-court remedies.

7

supplemental jurisdiction over Plaintiff's NFEPA claims after dismissing his federal statutory claims.[5]  See 28 U.S.C. § 1367(c)(3).

## IV.  CONCLUSION

Plaintiff failed to exhaust his administrative remedies with respect to his Title VII race discrimination claims, and the Eleventh Amendment bars his claims for damages under Title I of the ADA.  Plaintiff's claims under the NFEPA are also barred by Eleventh Amendment immunity.  Therefore, Plaintiff's Complaint fails to state a claim upon which relief may be granted, and the Court will dismiss the Complaint without prejudice.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.
2. Judgment shall be entered by separate document.

Dated this 21st day of April, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[5] The Court also declines to exercise supplemental jurisdiction over any other state-law claims Plaintiff may be attempting to raise in his Complaint.  See Filing No. 1 at 5.